**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35493 |
| Plaintiff - Appellee, | D.C. No. 4:04-cv-00081-SEH |
| v. | |
| MORRIS DUANE BUCKLES, | MEMORANDUM[*] |
| Claimant - Appellant, | |
| $15,010 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Morris Duane Buckles appeals pro se from the district court's order denying his motion to dismiss and its summary judgment in favor of the United States in the government's civil forfeiture action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm in part, vacate in part, and remand.

The district court properly denied Buckles's motion to dismiss after rejecting his contentions that the civil forfeiture proceeding constituted double jeopardy and that the government was required to bring the forfeiture action during his criminal trial. *See United States v. Ursery*, 518 U.S. 267, 292 (1996) ("[C]ivil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause.") (internal quotation marks omitted); *United States v. Nava*, 404 F.3d 1119, 1123 (9th Cir. 2005) ("The government may seek the forfeiture of property in either a civil or a criminal proceeding.")

However, the district court granted summary judgment without giving Buckles fair notice of the requirements and possible consequences of a summary judgment motion, a requirement under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). Therefore, we vacate summary judgment and remand. Upon remand, if the government again seeks summary judgment, the district court should consider *United States v. $ 191,910.00 in U.S. Currency*, 16 F.3d 1051, 1063 (9th

09-35493

Cir. 1994) (evidence which is the product of an illegal search or seizure must be excluded in the civil forfeiture hearing).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

09-35493